No. 19,506.

MARJORIE ANN COLE *v.* INDUSTRIAL COMMISSION OF
COLORADO, ET AL.
(355 P. [2d] 537)

Decided September 26, 1960.

Messrs. GROVES, DUFFORD, TURNER & NELSON, for plain-
tiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. PETER L.
DYE, Assistant, for Industrial Commission of Colorado.

Miss MARGARET R. BATES, for defendants in error P. H.
Owen and United States Casualty Company.

*In Department.*

Opinion by MR. JUSTICE MOORE.

PLAINTIFF in error was claimant in proceedings before
the Industrial Commission in which she sought to re-

cover benefits under the Workmen's Compensation Act. She asserted that her husband, John William Owen, died as the result of an accident arising out of and in the course of his employment. She was unsuccessful before the Industrial Commission whereupon the matter was brought before the district court of Mesa county where the action of the Commission was upheld. Claimant brings the case to this court by writ of error.

The undisputed evidence, in summary, is as follows: The decedent, a resident of Grand Junction, Colorado, became ill July 7, 1957, and in connection with that illness consulted Dr. Raso on July 11, 1957, at which time he complained to the doctor that for three or four days he had suffered chest pains. Dr. Raso examined him again on July 15, and on the following day was called to the Owen residence where the patient complained of pain in the chest, neck and arms. The doctor caused him to be hospitalized and diagnosed his ailment as involving coronary heart disease. About eight or ten days after being hospitalized decedent began to have swelling and edema of the abdomen and leg. The doctor questioned him as to the possibility of an accidental injury and was then informed for the first time that Owen had been involved in an automobile accident after leaving the doctor's office on July 11, 1957. The occurrence of the accident is not disputed and admittedly it happened at a time when decedent was engaged in work connected with his employment. There was no objective evidence of injury resulting from that accident and decedent made no complaint of any injury traceable thereto.

Following the development above described decedent was sent to the Mayo Clinic in Rochester, Minnesota, and after some weeks in that institution returned to his home in Grand Junction where he was placed in a hospital and died during the course of an operation performed by Dr. Munro of Grand Junction.

Following decedent's death it was established that he was found to have been suffering from, and had died as

a result of, a portal vein thrombosis. Dr. Raso, the attending physician, Dr. Gene Saccomanno, a pathologist, and Dr. Munro, the operating surgeon and consultant, all testified and gave as their opinions that the condition of the portal vein which caused death was the result of the accident on July 11th. They admitted, however, that such opinions were based upon subjective evidence and that they found no objective evidence to establish an injury as the result of the accident. Their opinions were arrived at by exclusion, i.e., that finding no other evidence, external or internal, to which they could attribute the condition, they concluded that it must have been caused by the accident. Respondents produced testimony of two highly qualified experts who were of the contrary opinion and gave as their conclusion that the condition was not caused by the accident and was not traumatic in origin.

The only question we are called upon to determine is whether the findings of the Commission have the evidentiary support which the law requires.

The issue of fact determined by the Commission was that there was no causal connection between the automobile accident and the portal vein thrombosis which caused the death. The opinions of the expert witnesses were in conflict. There were ample circumstances, apart from the opinions of the experts, which tended to disprove the causal connection between the accident and the portal vein thrombosis. Suffice it to say that the findings of the Commission have substantial support in the evidence.

The judgment is affirmed.

MR. JUSTICE KNAUSS and MR. JUSTICE DAY concur.